[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The parties intermarried on December 28, 1957, in New Haven, Connecticut. They have been residents of Connecticut for more than one year prior to the commencement of this action. They have three children, all of whom have reached their majority. The evidence clearly indicated that the marriage has irretrievably broken down, and judgment may enter dissolving the marriage on that ground.
The plaintiff is 63 years old, enjoys good health and is employed as an officer in a construction company. The defendant is 59 years old and relates that she suffers from a variety of ailments but has not sought medical attention in recent times. She is unemployed and would appear to have difficulty in finding employment based on her lack of work experience and skills.
This has been a long marriage and an unhappy one for a long time. Each party must assume some responsibility for the failure of this relationship.
The court has carefully considered the criteria set forth in Connecticut General Statutes, sections 46b-62, 46b-81 and 46b-82 in reaching the decisions reflected in the orders that follow.
The following orders may enter:
1. The marital residence is located at 22 Prospect Court, Woodbridge, Connecticut. The plaintiff shall convey his entire interest to the defendant. The defendant shall be solely responsible for the payment of all liens on the property and shall CT Page 770 indemnify and hold the plaintiff harmless from any liability thereon.
2. At the time of transfer of the plaintiff's interest in the marital residence, the defendant shall execute a promissory note to the plaintiff in the amount of fifty thousand ($50,000) dollars, at no interest, payable when the defendant remarries or the residence is sold, whichever event first occurs. The note shall be secured by a mortgage on the marital residence, and the mortgage shall contain the usual provisions used in said instruments by lending institutions including the payment of attorney's fees in the event of default.
3. The plaintiff shall promptly make arrangements for the cosmetic work required to make the residence marketable. The plaintiff indicated that this could be accomplished by the expenditure of approximately $3,900.00. The plaintiff shall make the payments for this work and shall be fully reimbursed from the proceeds of sale of the residence.
4. The defendant indicated that she intends to sell the marital residence. Until the residence is sold, the plaintiff shall pay to the defendant as periodic alimony the current pendente lite order which is $550.00 per week and payment of the housing expenses, as listed on the plaintiff's current financial affidavit in the amount of $1,291.00 per month. This shall continue until the death of either party, the defendant's remarriage or when the residence is sold, whichever event first occurs.
If the residence is not sold within one year after the cosmetic work has been performed, the plaintiff may petition the court for consideration of whether this alimony order should be modified.
When the marital residence is sold, commencing the first week after the closing of title, the plaintiff shall pay to the defendant as periodic alimony the sum of $600.00 per week until the death of either party, or the defendant's remarriage, whichever event first occurs. A contingent wage withholding order may enter.
5. For as long as the plaintiff is obligated to pay periodic alimony to the defendant, the plaintiff shall name the defendant as beneficiary of life insurance in the amount of $75,000.
6. The plaintiff shall cooperate in assisting the defendant CT Page 771 obtaining medical insurance in accordance with the provisions of COBRA. The plaintiff shall be responsible for the premium for one year, and the defendant shall pay the premiums thereafter.
7. The personal property of the parties shall be divided in accordance with their agreement. The court reserves jurisdiction in the event of their failure to agree. If this occurs, the parties shall seek the assistance of the Family Services Division before requesting a court hearing.
8. The plaintiff is awarded his IRAs, certificates of deposit, bank accounts, annuity and profit sharing pension plan.
9. At the time the marital residence is sold, the defendant shall reimburse the plaintiff the sum of $1,200.00 for repayment for the defendant's unauthorized use of the plaintiff's checking account. The plaintiff's request for payment by the defendant to their son and to the plaintiff for use of student loan funds is denied.
10. The defendant shall be solely responsible for the payment of any fines for illegal parking. The current balance is approximately $2,427.00. The defendant shall indemnify and hold harmless the plaintiff from any liability thereon.
11. The plaintiff shall pay to the defendant the sum of $3,000.00 for counsel fees.
Judgment may enter accordingly.
NOVACK, J.